```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
STEVEN MIZEL ROTH IRA, derivatively on
behalf of Consolidated Asset Funding 3 LP,

                Plaintiff,                  MEMORANDUM AND ORDER

         - against -                        19 Civ. 10712 (NRB)

UNIFIED CAPITAL PARTNERS 3 LLC and
UNIFIED ASSET MANAGEMENT, LCC,

                Defendants,

         - and -

CONSOLIDATED ASSET FUNDING 3 LP,

                Nominal Defendant.

-------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Steven Mizel Roth IRA ("Mizel") is one of 33 limited partners in Consolidated Asset Funding 3 LP (the "Partnership"), a limited partnership formed under Delaware law to invest in plaintiff-side litigation funding. Mizel brings this lawsuit derivatively on behalf of the Partnership against defendants Unified Capital Partners 3 LLC ("UCP"), the general partner in the Partnership, and Unified Asset Management, LLC ("UAM"), an affiliate of UCP that was hired as the Partnership's asset manager.

Mizel alleges in the Amended Complaint (ECF No. 25) that UCP failed to dissolve and wind down the Partnership in

October 2018, as contemplated by the governing partnership agreement ("Partnership Agreement" (ECF No. 29-3)). Instead, according to Mizel, UCP has continued to operate the Partnership in violation of the Agreement and to spend Partnership assets to fund its operations, which included paying fees to UAM and other vendors after October 2018. As a result of these actions, Mizel alleges that the Partnership has lost over $17 million in value since October 2018.

Mizel asserts claims for breach of contract, breach of fiduciary duty, and waste of partnership assets, and demands an accounting.[1] Under the terms of the Partnership Agreement, these claims are governed by Delaware law.[2]

Defendants move to dismiss the Amended Complaint in its entirety under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

---

[1] Mizel concedes that his claim for an accounting is not an independent cause of action but rather derivative of his other claims.

[2] Partnership Agreement § 14.4(a) ("The parties acknowledge and agree that any claim, controversy, dispute or action relating in any way to this Agreement or the subject matter of this Agreement shall be governed solely by the laws of the State of Delaware, without regard to any conflict of laws doctrines that would or may permit or require the application of the laws of a different jurisdiction."); see Fieger v. Pitney Bowes Credit Corp., 251 F.3d 386, 393 (2d Cir. 2001) (A federal court sitting in diversity jurisdiction "must apply the law of the forum state to determine the choice-of-law.") (citation omitted); Ministers & Missionaries Benefit Bd. v. Snow, 26 N.Y.3d 466, 476 (N.Y. 2015) (Under New York law, "when parties include a choice-of-law provision in a contract, they intend that the law of the chosen state—and no other state—will be applied.").

**LEGAL STANDARDS**

When considering a motion to dismiss for failure to state a claim, the Court accepts the factual allegations in the complaint as true and construes all reasonable inferences in the light most favorable to the non-moving party. Biro v. Condé Nast, 807 F.3d 541, 544 (2d Cir. 2015). The Court may also consider materials outside the complaint that are incorporated by reference in the complaint, Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000), which, in this case, includes the Partnership Agreement. "If a document relied on in the complaint contradicts allegations in the complaint, the document . . . control[s], and the court need not accept the allegations in the complaint as true." Poindexter v. EMI Record Grp. Inc., No. 11 Civ. 559 (LTS), 2012 WL 1027639, at *2 (S.D.N.Y. Mar. 27, 2012) (citation omitted).

**DISCUSSION**

**I.   Breach of Contract Claim Against UCP**

To state a claim for breach of contract under Delaware law, Mizel must allege (1) the existence of a contract, (2) breach of an obligation imposed by that contract, and (3) resulting damages. VLIW Tech., LLC v. Hewlett-Packard Co., 840 A.2d 606, 612 (Del. 2003) (citations omitted).

With respect to UCP, there is no dispute that the Partnership Agreement is a valid contract. Nor is there any

dispute that, as written, Sections 10.1 through 10.4 of the Partnership Agreement provide that UCP was obligated to begin the process of dissolving and winding down the Partnership in October 2018. Mizel's allegations that UCP failed to timely perform those contractual duties, which we must accept as true, are sufficient to satisfy the breach element.

Regarding damages, Mizel alleges that the Partnership has declined in value (ostensibly in excess of $17 million) since October 2018 because of UCP's continued operation of the Partnership in contravention of the Partnership Agreement. While defendants argue that Mizel's allegations of damages are speculative and uncertain because the Partnership's assets have yet to be fully liquidated and distributed to the partners, Mizel is not required to submit proof of damages or to allege an exact dollar amount to plead a cognizable claim under Delaware law. See Anglo Am. Sec. Fund, L.P. v. S.R. Glob. Int'l Fund, L.P., 829 A.2d 143, 156 (Del. Ch. 2003). Rather, Mizel must simply plead a "reasonable inference that [the Partnership] has been damaged" as a result of UCP's alleged breach, even if proof of damages at a later stage in the litigation "will present difficult legal and factual issues." NACCO Indus., Inc. v. Applica Inc., 997 A.2d 1, 19 (Del. Ch. 2009). Mizel's

allegations satisfy that requirement.  Accordingly, Mizel has plausibly stated a breach of contract claim against UCP.

Defendants also broadly attack Mizel's claim by arguing the Partnership Agreement permitted UCP, with the consent of the majority of the limited partners, to extend the Partnership's dissolution date, a power that UCP claims to have exercised.  As relevant to this argument, Section 14.1(a) provides that the Partnership Agreement may be amended "by a written instrument signed by the General Partner with the approval of a Majority in Interest," meaning the consent of limited partners representing a majority of the aggregate capital commitments contributed by the limited partners.[3] (Partnership Agreement § 14.1(a); see id. § 1.1.)  Section 14.1 further lists several exceptions to that method of amendment, though none of those applies to amending the dissolution date in Section 10.1(a).  (See id. § 14.1(a).)

The Court agrees with defendants' interpretation of the Section 14.1 and concludes that UCP had the authority to amend the dissolution date as long as (1) UCP tendered a written proposed amendment to the limited partners, and (2) the

---

[3] Section 14.1(c), in turn, provides that "any Limited Partner which fails to respond to a notice of a proposed amendment within twenty-five (25) Business Days after notice of such amendment is given to all Limited Partners as set forth herein shall be deemed to have consented to such amendment." (Partnership Agreement § 14.1(c).)  Thus, if a limited partner does not raise a timely objection, then it is deemed to approve of UCP's proposed amendment.

limited partners representing a majority in interest either approved of the amendment or failed to raise an objection within 25 business days. Such an amendment would be both consistent with Delaware law[4] and fatal to Mizel's claims.

However, given that the issue of whether any amendment to extend the dissolution date satisfied those two conditions is a factual question that lies beyond the four corners of the Amended Complaint, it is not appropriate to resolve that issue at the motion to dismiss stage.

## II.  Remaining Claims

Mizel otherwise fails to plead facts that plausibly state a claim for his remaining breach of contract, breach of fiduciary duty, and waste claims.

---

[4]   The Delaware Revised Uniform Limited Partnership Act ("DRULPA") provides:

> [U]nless a partnership agreement prohibits revocation of dissolution, then . . . the limited partnership shall not be dissolved and its affairs shall not be wound up if, prior to the filing of a certificate of cancellation in the office of the Secretary of State, the business of the limited partnership is continued, effective as of the occurrence of . . . such vote or consent that, pursuant to the terms of the partnership agreement, is required to amend the provision of the partnership agreement effecting such dissolution (and the approval of any partners or other persons whose approval is required under the partnership agreement to revoke a dissolution contemplated by this paragraph) . . . .

6 Del. Code Ann. § 17-806(2). As there is no provision in the Partnership Agreement prohibiting the partners from amending the dissolution date, Delaware law permits the partners to avoid dissolving the Partnership upon properly amending Section 10.1 of the Partnership Agreement.

**A.  Breach of Contract Claim Against UAM**

While Mizel alleges that UAM received money from the Partnership for asset management services after October 2018, Mizel does not explain how that would violate any provision of the contract between UAM and the Partnership. Accordingly, Mizel fails to state a breach of contract claim against UAM.

**B.  Breach of Fiduciary Duty**

Mizel alleges that UCP breached the fiduciary duties it owed to the Partnership by continuing to operate the Partnership after October 2018. Under the DRULPA, a general partner's fiduciary duties owed to a limited partnership and its limited partners "may be . . . restricted or eliminated by provisions in the partnership agreement . . . ." 6 Del. Code Ann. § 17-1101(d). Although curiously overlooked in defendants' briefing, Section 9.1(b) of the Partnership Agreement states that "[s]ubject to applicable federal and state law (including the [DRULPA]), the General Partner shall not be liable to the Partnership or to any other Partner as a fiduciary." (Partnership Agreement § 9.1(b).) Consequently, Mizel and the Partnership have waived any potential claims against UCP for breach of fiduciary duty.

As for UAM, the Amended Complaint does not allege any facts whatsoever establishing that UAM breached any fiduciary duties it owed to the Partnership as an asset manager.

### C.  Waste of Assets

Mizel claims that defendants are liable for waste of Partnership assets because UCP caused the Partnership to spend assets to continue operations after October 2018, including paying fees to UAM and another asset manager.

To plead a claim for waste under Delaware law, a plaintiff must allege that the controlling partner directed an exchange of partnership assets that was "so one sided that no business person of ordinary, sound judgment could conclude that the [partnership] has received adequate consideration." In re Walt Disney Co. Derivative Litig., 906 A.2d 27, 74 (Del. 2006) (citation omitted).  This is an "onerous" standard, and accordingly a "claim of waste will arise only in the rare, unconscionable case where [controlling partners] irrationally squander or give away [partnership] assets."  Id. (citation and internal quotation marks omitted); see Emps. Ret. Sys. of the City of St. Louis v. TC Pipelines GP, Inc., 152 A.3d 1248, 1248 n. 7 (Del. 2016) (reasoning that waste claims fail unless facts are pled suggesting that "no reasonable person of good faith would have approved the transactions as fair to the limited partnership").

Mizel's allegations come nowhere close to meeting this stringent standard.  The Amended Complaint does not even remotely suggest that the Partnership overpaid for the asset

managers' services, let alone that the terms of its agreements with those vendors were "unconscionable."  Instead, Mizel's complaint that UCP caused the Partnership to pay vendor fees and other operating expenses after the Partnership should have been dissolved is properly characterized as a claim for UCP's breach of the Partnership Agreement, not waste.

Regarding UAM, the Amended Complaint does not plead that it exercises any control over the Partnership and thus UAM is not a proper defendant for a claim of waste.  See In re Wonderwork, Inc., 611 B.R. 169, 207 (Bankr. S.D.N.Y. 2020) (recognizing in the analogous corporate context that "only directors may be liable for waste under Delaware law") (citation omitted).

## CONCLUSION

For the foregoing reasons, the Court denies defendants' motion to dismiss as it relates to Mizel's claim for breach of contract against UCP and for an accounting, which is derivative of that claim.  The Court grants defendants' motion as it pertains the remaining claims and dismisses those claims with prejudice.

The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 28.

**SO ORDERED.**

Dated:   New York, New York
         March 25, 2021

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

- 10 -